Philip H. Gottfried
Marc Jason
Holly Pekowsky
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x

KLAUBER BROTHERS, INC.,

        Plaintiff,

    v.

RUSSELL-NEWMAN, INC. and
THE BON-TON STORES, INC.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - x

Civil Action No.: 11 CIV 4985(PGG)

**ECF Case**

## FIRST AMENDED COMPLAINT

Plaintiff Klauber Brothers, Inc., ("Klauber" or "Plaintiff") for its First Amended Complaint against Russell-Newman, Inc. ("Russell-Newman") and The Bon-Ton Stores, Inc. ("Bon-Ton") alleges as follows:

    1.    This First Amended Complaint arises under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Jurisdiction is vested in this Court for this Complaint under 28 U.S.C. §§ 1331 and 1338 (a).

    2.    Venue is proper in this district for this First Amended Complaint under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims asserted in this First Amended Complaint against Defendants occurred in this district.

490425.1

## THE PARTIES

3. Klauber is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 980 6th Avenue, 2nd Floor, New York, New York 10018.

4. Russell-Newman is, upon information and belief, a corporation organized and existing under the laws the State of Delaware, which had places of business at least at 600 North Loop 288, Denton, Texas 76209 and at 6 E. 32nd Street, New York, NY 10016, and which is the source of the garments, described with more particularity hereinafter, manufactured with the lace which infringes the copyrights of Klauber, also described with greater particularity hereinafter.

5. Bon-Ton is upon information and belief, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 2801 East Market Street, York, Pennsylvania 17402, and which has stores located within the jurisdiction of this Court.

## FACTS

6. Klauber is, and since 1859 itself or through a predecessor-in-interest, has been engaged in the design, manufacture and sale of knit fabrics of original and distinctive design and has, over the past decades, earned a well deserved and enviable reputation in the trade for providing unique and original fabric designs of high quality. Klauber sells its fabric designs within this judicial district, throughout the United States of America and throughout the world.

7. In or about 1991, designs in lace were created which Klauber designates as design numbers 7087, 7088, and 7089.

8.  Said fabric designs each contain material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

9.  In 1991, Klauber's 7087, 7088, and 7089 fabric designs were published.

10. Since the publication date of the 7087, 7088, and 7089 fabric designs, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claims to copyright in the 7088 and 7089 designs, and Certificates of Copyright Registration have been duly received by Klauber from the Register of Copyrights pertaining to said pattern Nos. 7088 and 7089.  Said Certificates of Registration have been supplemented.  Design No. 7087 is a derivative work with respect to such 7088 and 7089 designs.

11. Klauber is, and for all times relevant hereto has been, the sole proprietor of all right, title and interest in and to the copyrights in said design numbers 7087, 7088, and 7089.

12. A photostatic copy of a portion of said design numbers 7087, 7088, and 7089 fabric designs are annexed hereto and identified as "Exhibits A, B and C," respectively.

13. A photostatic copy of the Copyright Registration Certificate obtained by Klauber for said design number 7088 is annexed hereto and identified as "Exhibit D" and a photostatic copy of the Copyright Registration Certificate for said design number 7089 is annexed hereto and is identified as "Exhibit E."

14. Subsequent to the publication by Klauber of its design numbers 7087, 7088, and 7089, Defendants Russell-Newman and Bon-Ton infringed Klauber's copyrights in such fabric designs by importing, reproducing, displaying, knitting, manufacturing, weaving,

printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code. Photostatic copies of part of several infringements of said design numbers 7087, 7088, and 7089 which Defendants either manufactured or had manufactured for it or them and sold, are annexed hereto and are identified as "Exhibits F, G, H, I, J and K." A photostatic copy of both Klauber's design number 7087 and one of Defendants' infringements thereof is annexed hereto and is identified as "Exhibit L."

15. Klauber has notified Defendants that they have infringed the copyrights of Klauber of Exhibits D and E by its garments of Exhibits F, G, H, I, J and K.

16. All of Defendants' acts as set forth herein, were performed without the permission, license or consent of Klauber.

17. Plaintiff Klauber has been damaged by the acts of Defendants alleged in this Complaint in an amount not as yet known, but believed to be in excess of Five Hundred Thousand Dollars ($500,000.00). The activities of Defendants as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

18. Klauber previously commenced suit for copyright infringement of its design numbers 7087, 7088 and 7089 in this court against the current Defendants under Civil Action Number 09 CV 7201 (PGG). That action was dismissed based upon a Settlement

490425.1

Agreement with Defendants which has been breached by failure on the part of Russell-Newman, Inc. to adhere to the terms of the Settlement Agreement, thereby necessitating the within action.

WHEREFORE, Plaintiff Klauber demands:

A.  A preliminary and permanent injunction restraining, enjoining and prohibiting Defendants and its and their officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert or participation with it or them from infringing the copyrights of Plaintiff Klauber including as evidenced by certificate of copyright registration numbers VA 479 838 and VA 479 837 including, but not limited to, preventing it and them from importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising copies of such fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

B.  That Defendants be required to recall from all recipients thereof and deliver to Plaintiff Klauber for destruction, all copies of Plaintiff Klauber's copyrighted fabric designs used for infringement of the copyrights therein, as well as all molds, stencils, plates, or other materials for making such infringing matter in the possession or under the control of Defendants or any of their agents, servants, employees, attorneys or other persons in privity with it or them.

490425.1

C. That Defendants be required to pay to Plaintiff Klauber such damages as Plaintiff Klauber has sustained in consequence of the infringement by Defendants of Plaintiff Klauber's copyrighted fabric designs and to account for all gains, profits and advantages relative to such infringements to be allowed Plaintiff Klauber by the Court or, in the alternative, at Klauber's election, to award Klauber statutory damages.

D. That Plaintiff Klauber have such other and further relief as this Court may deem just and appropriate.

E. That Defendants be required to pay Plaintiff Klauber's attorneys' fees and costs in this and in the prior action.

>AMSTER, ROTHSTEIN & EBENSTEIN LLP
>Attorneys for Plaintiff
>90 Park Avenue
>New York, NY 10016
>212-336-8000 (main)
>212-336-8001 (facsimile)
>
>_____
>Philip H. Gottfried

Dated: New York, New York
August 1, 2011