Philip H. Gottfried
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

NEW YORK

------------------------------------------------------------------ x

| | |
|---|---|
| KLAUBER BROTHERS INC., | Civil Action No. 11 CIV 4985 |
| Plaintiff, | (PGG) |
| vs. | |
| RUSSELL-NEWMAN INC. and | ECF Case |
| THE BON-TON STORES, INC., | |
| Defendants. | |

------------------------------------------------------------------ x

### THIRD AMENDED COMPLAINT

Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff"), for its Third Amended Complaint against Russell-Newman, Inc. ("Russell-Newman") and The Bon-Ton Stores, Inc. ("Bon-Ton") (collectively, "Defendants"), alleges as follows:

### THE PARTIES

1. Klauber is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 980 6th Avenue, 2nd Floor, New York, New York 10018.

2. Russell-Newman is, upon information and belief, a corporation organized and existing under the laws the State of Delaware, which had its primary place of business at 600

504364.1

North Loop 288, Denton, Texas 76209, and which was the source, at least in 2010, of some of the garments, described with more particularity hereinafter, manufactured with lace which infringed the copyrights of Klauber, also described with greater particularity hereinafter (the "First Infringing Garments").

3. Bon-Ton is, upon information and belief, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 2801 East Market Street, York, Pennsylvania 17402, has stores located within the jurisdiction of this Court, and bought the First Infringing Garments from Russell-Newman in 2010 and sold them at retail and which thereafter bought garments with the Maidenform mark attached which were made with lace which infringed the same copyrights of Klauber, also described with greater particularity hereinafter (the "Second Infringing Garments").

## COUNT I

### JURISDICTION AND VENUE

4. This Court has diversity jurisdiction for this Count under 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue in this District for this Count is proper because a Settlement Agreement ("Agreement"), which is the subject of this Count, provides that in any disputes thereunder, the Courts of the County of New York, State of New York shall be the appropriate venue. In addition, venue in this District is proper under 28 U.S.C. § 1391(a) and (c) because Defendants do or did business, and committed at least some of the acts complained of herein, within this District.

## FACTS

6. Klauber is, and since 1859 itself or through a predecessor-in-interest has been, engaged in the design, manufacture and sale of knit fabrics of original and distinctive design and has, over the past decades, earned a well-deserved and enviable reputation in the trade for providing unique and original fabric designs of high quality. Klauber sells its fabric designs within this judicial district, throughout the United States of America and throughout the world.

7. During about 1991, Klauber co-authored designs in lace which it designated as design numbers 7087, 7088 and 7089. Copies of representations of such lace designs are annexed hereto and identified as Exhibits A, B and C, respectively.

8. Said fabric designs each contain material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

9. In 1991, Klauber published design numbers 7087, 7088, and 7089.

10. Since the publication date of design numbers 7087, 7088, and 7089, Klauber has duly complied with all of the provisions of Title 17 of the United States Code, and all of the applicable laws governing copyright, has registered its claims to copyright in design numbers 7088 and 7089, and has duly received Certificates of Copyright Registration pertaining to said designs from the Register of Copyrights. A copy of each of Klauber's Certificate of Copyright Registrations for said designs are annexed hereto and designated as Exhibits D and E, respectively. Said Certificates of Registration have been supplemented. Design number 7087 is a derivative work of design numbers 7088 and 7089.

504364.1

11. Klauber is, and for all times relevant hereto has been, the sole proprietor of all right, title and interest in and to the copyrights in its design numbers 7087, 7088, and 7089.

12. Subsequent to Klauber's publication of its design numbers 7087, 7088, and 7089, Defendants jointly and severally infringed Klauber's copyrights in such fabric designs with such First Infringing Garments by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of Klauber's rights under Section 106 of the Copyright Law, title 17 of the United States Code. A copy of one of such First Infringing Garments is annexed hereto and identified as Exhibit F.

13. Upon learning of Defendants' infringement of Klauber's designs by such First Infringing Garments, Klauber sued Defendants in this Court as jointly and severally liable for infringement of Klauber's copyrights by their manufacture, importation, distribution, and sale of the First Infringing Garments, in Civil Action No. 09 CIV 7201 (PGG) (the "Prior Litigation").

14. During the course of the Prior Litigation, Klauber learned that Bon-Ton had already sold a number of the First Infringing Garments, had another number thereof on hand, and had yet another number thereof on order from Russell-Newman.

15. In January 2010, Klauber and Defendants entered into the Agreement (a copy of which, attorneys for Bon-Ton supplied to the Court on November 16, 2011), in partial consideration for which the parties agreed to and this court dismissed the Prior Litigation with prejudice.

16. Under the terms of the Agreement, Defendants agreed to pay Klauber an amount of money, in the form of an initial payment with further payments to be made over a period of time.

17. Also in partial consideration for the Agreement, Klauber agreed to allow Bon-Ton to sell, for a limited time, the First Infringing Garments that Bon-Ton had, both on-hand and on-order from Russell-Newman.

18. Despite having demanded the same, Klauber has not received the further payments to which Defendants agreed in accordance with the terms of the Agreement.

19. By reason of their failure to pay to Klauber the amount agreed in accordance with the terms of the Agreement, Defendants have breached, and are jointly and severally liable for breaching the Agreement.

20. As a result of such breach by Defendants, Klauber has suffered actual damages consisting of at least the total payments not made, which are due and payable under the Agreement, in an amount to be determined at trial, but in an amount in excess of $75,000.

## COUNT II

### THE PARTIES

21. Plaintiff repeats and realleges the allegations of paragraphs 1, 2 and 3 above, as if fully set forth herein in their entirety.

### JURISDICTION AND VENUE

22. This Count arises under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Jurisdiction is vested in this Court for this Count under 28 U.S.C. §§ 1331 and 1338 (a), as well as under 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in

controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

23. Venue in this District is proper for this Count under 28 U.S.C. § 1391, in that Bon-Ton has a place of business in this district and a substantial part of the events or omissions giving rise to the claims in this Count occurred in this district.

## FACTS

24. Klauber repeats and realleges the allegations of paragraphs 6 through 11 above, as if fully set forth herein, in their entirety.

25. Subsequent to Klauber's publication of design numbers 7087, 7088, and 7089, and subsequent to the commencement of the Prior Litigation and subsequent to having executed the Agreement, Bon-Ton infringed Klauber's copyrights in such fabric designs with the Second Infringing Garments by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of Klauber's rights under Section 106 of the Copyright Law, title 17 of the United States Code. A photostatic copy of one of such Second Infringing Garments is annexed hereto and identified as Exhibit G.

26. All of Bon-Ton's acts as set forth in this Count were performed without the permission, license or consent of Klauber.

27. Klauber has been damaged by the acts of Bon-Ton alleged in this Count in an amount not as yet know, but believed to be in excess of Five Hundred Thousand Dollars

($500,000). The activities of Bon-Ton as alleged in this Count are further and continuously damaging Klauber in an amount with respect to which Klauber has no adequate remedy at law.

## COUNT III

## THE PARTIES

28. Plaintiff repeats and realleges the allegations of paragraphs 1, 2 and 3 above, as if fully set forth herein, in their entirety.

## JURISDICTION AND VENUE

29. This Count arises under The Lanham Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. and particularly under § 43(a) thereof, 15 U.S.C. § 1125(a) and is for false designations of origin and false descriptions or representations. Jurisdiction is vested in this Court for this Count under the provisions of 28 U.S.C. § 1338(a), as well as under diversity jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

30. Venue in this District is proper for this Count under 28 U.S.C. § 1391, in that Bon-Ton has a place of business in this district and a substantial part of the events giving rise to the claims asserted in this Count occurred in this district.

## FACTS

31. Klauber repeats and realleges the allegations of paragraphs 6 through 11 above, as if fully set forth herein, in their entirety.

32. Subsequent to Klauber's publication of design numbers 7087, 7088 and 7089, and subsequent to commencement of the Prior Litigation and subsequent to execution by Bon-Ton of

the Agreement, Bon-Ton offered for sale and displayed on its website undergarments under the RELATIVITY mark believed to be a proprietary mark of Bon-Ton, prominently showing, as the waistband, a copy of Klauber's 7087 lace. Annexed hereto and identified as Exhibit H is a copy of a page from Bon-Ton's website of December 22, 2011, including, annexed thereto, copies of close ups of the waistband of Bon-Ton's RELATIVITY women's cotton spandex bikini, taken from such website on December 22, 2011.

33. In or about December of 2011, Klauber ordered several examples of Bon-Ton's Relativity women's cotton spandex bikini from the website of Exhibit H hereto and, as a result of that order, was sent Bon-Ton's RELATIVITY women's cotton spandex bikini with a different lace in the waistband. A copy of a representative showing of one of such undergarments ordered by Klauber from the Bon-Ton website of Exhibit H is annexed hereto and is itself identified as Exhibit I.

34. Bon-Ton's showing in commerce of its RELATIVITY women's cotton spandex bikini undergarment with a copy of Klauber's Lace Pattern No. 7087 and supplying, in response to orders therefrom, undergarments with a different lace, comprises the use of symbols tending falsely to describe or represent Bon-Ton's product as Klauber's product or as a product bearing lace which is somehow sponsored or approved by Klauber and constitutes a false designation of origin and a false description and representation of Bon-Ton's product.

35. Upon information and belief, the showing by Bon-Ton of the undergarments with the design of Exhibit hereto and providing undergarments with the design of Exhibit I hereto in response to orders from the website of Exhibit H, has the effect of intentionally misrepresenting and falsely designating Bon-Ton's product and causing confusion, mistake and deception in the

504364.1

minds of the purchasing public as to the identity and source of the lace in Bon-Ton's product of Exhibit I hereto.

36. Bon-Ton has, upon information and belief, caused the goods of Exhibit I hereto to enter into the stream of commerce by the intentional use of a false description of origin and a false designation and representation, including symbols tending falsely to describe or represent the same.

37. Upon information and belief, the consuming public is likely to be confused, mistaken and deceived by Bon-Ton's use of such false designation of origin and false description and representation of Bon-Ton's product and the purchasing public has been and will continue to be induced into buying Bon-Ton's product of Exhibit I in the mistaken belief it is the product as shown in Exhibit H. Klauber believes that it will be and has been damaged by such false description and representation.

38. All of Bon-Ton's acts as set forth in this Count, were performed without the permission, license or consent of Klauber, and are in violation of at least § 43(a) of The Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

39. Klauber has been damaged by the acts of Bon-Ton as set forth in this Count in an amount not as yet determined, but believed to be in excess of Seventy Five Thousand Dollars ($75,000). The activities of Bon-Ton as alleged in this Count are further and continuously damaging Klauber in an amount with respect to which Klauber has no adequate remedy at law.

WHEREFORE, Plaintiff Klauber demands:

A. This Court adjudge and decree that Defendants have breached their material obligations under the Agreement;

B. This Court adjudge and decree that Defendants are jointly and severally liable to Klauber for the damage caused to Klauber by such breach of the Agreement;

C. This Court award to Klauber its actual damages for breach of the Agreement;

D. This Court award Klauber prejudgment and post judgment interest, its costs, disbursements and attorneys' fees incurred herein;

E. A preliminary and permanent injunction restraining, enjoining and prohibiting defendant Bon-Ton and it and their officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert or participation with it or them from infringing the copyrights of Plaintiff Klauber including as evidenced by certificate of copyright registration numbers VA 479 838 and VA 479 837 including, but not limited to, preventing it and them from importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising copies of such fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising of copies by others.

F. That defendant Bon-Ton be required to recall from all recipients thereof and deliver to Plaintiff Klauber for destruction, all copies of Plaintiff Klauber's copyrighted fabric designs used for infringement of the above copyrights, as well as all molds, stencils, plates, or other materials for making such infringing matter in the possession or under the control of defendant Bon-Ton or any of it or their agents, servants, employees, attorneys or other persons in privity with it or them.

G. That defendant Bon-Ton be required to pay to Plaintiff Klauber such damages as Plaintiff Klauber has sustained in consequence of the infringement by defendant Bon-Ton of Plaintiff Klauber's copyrighted fabric designs and to account for all gains, profits and advantages relative to such infringements to be allowed Plaintiff Klauber by the Court or, in the alternative, to award Klauber statutory damages at its election.

H. A preliminary and permanent injunction restraining, enjoining and prohibiting Bon-Ton, its officers, servants, agents, employees, representatives and those acting in privity with it and them, from: advertising, selling, distributing or offering for sale, and from licensing or authorizing others to advertise, sell, distribute or offer for sale, any garment using any of Klauber's designs to falsely provide any garment which is likely to cause confusion or to cause mistake or to deceive as to the source of any lace on any garment actually provided in response to a false display of Klauber's design, such as to cause confusion among consumers or prospective consumers into believing that the garments actually supplied contain one of Plaintiff's designs or designs that are sponsored or approved by Plaintiff.

I. That Bon-Ton be required to pay Klauber's attorneys' fees and costs in this action.

J.  That Klauber have such other and further relief that this Court may deem just and appropriate.

>AMSTER, ROTHSTEIN & EBENSTEIN LLP
>Attorneys for Plaintiff
>90 Park Avenue
>New York, NY 10016
>212-336-8000 (main)
>212-336-8001 (facsimile)
>
>_____
>Philip H. Gottfried

Dated:     New York, New York
           February 2, 2012