DUANE MORRIS LLP
Vanessa C. Hew
Suzan Jo
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000
*Counsel for Defendant*
*The Bon-Ton Stores*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLAUBER BROTHERS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUSSELL-NEWMAN INC., and ) <br> THE BON-TON STORES, INC., ) <br> ) <br> Defendants. ) <br> ) | CASE NO.: 11-CV-4985 (PGG) <br><br> ECF Case |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT THE BON-TON STORES, INC.'S MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 2

I.   KLAUBER FAILS TO PLEAD A CLAIM FOR BREACH OF CONTRACT ........... 2

II.  KLAUBER FAILS TO PLEAD A VALID COPYRIGHT INFRINGEMENT CLAIM ................................................................................................................................. 3

    A.   The Copyright Act Bars Klauber from Bringing a Copyright Infringement Action with Respect to the 7087 Pattern ..................................... 3

    B.   Klauber Fails to Plead the Requisite Elements of Infringement ....................... 5

    C.   Klauber Should Not Be Granted Leave to Amend its Copyright Claim Because the Claim is Futile ................................................................................... 5

III. KLAUBER FAILS TO PLEAD A VALID CLAIM FOR FALSE ADVERTISING ................................................................................................................... 7

    A.   Klauber's False Advertising Claim Fails As A Matter of Law ......................... 7

    B.   Klauber's False Advertising Claim Fails Because Klauber Has Not Demonstrated Prudential Standing or Harm ....................................................... 9

CONCLUSION ................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Antidote International Films, Inc. v. Bloomsbury Publishing, PLC*, 467 F.Supp. 2d 394 (S.D.N.Y. 2006) ................................................................................................................. 9

*Broughel v. Battery Conservancy*, No. 07 CV 7755, 2010 U.S. Dist. LEXIS 25496 (S.D.N.Y. Mar. 16, 2010) .......................................................................................................... 8

*Childs v. Levitt*, 151 A.D.2d 318 (N.Y. App. Div. 1st Dep't 1989) .................................................. 2

*Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221 (3d Cir. 1998) ............ 9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (U.S. 2003) ............................... 7

*Famous Horse Inc. v. 5th Avenue Photo Inc.*, 624 F.3d 106 (2d Cir. 2010) ............................. 9-10

*First American Artificial Flowers, Inc. v. Joseph Markovits, Inc.*, 342 F.Supp. 178 (S.D.N.Y. 1972) ....................................................................................................................... 6

*Folio Impressions v. Byer California*, 937 F.2d 759 (2d Cir. 1991) ............................................... 6

*Gal v. Viacom Int'l, Inc.*, 518 F. Supp. 2d 526 (S.D.N.Y. 2007) ..................................................... 6

*Lewinson v. Henry Hold and Co. LLC*, 659 F. Supp.2d 547 (S.D.N.Y. 2009) ............................... 4

*Mattel, Inc. v. Robarb's, Inc.*, 139 F. Supp.2d 487 (S.D.N.Y. 2001) ........................................... 4-5

*O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222 (S.D.N.Y. 1989) ............................... 5

*Ruppert v. Singhi*, 243 N.Y. 156 (1926) ......................................................................................... 2

*Salon FAD v. L'Oreal USA, Inc.*, 100 U.S.P.Q.2d (BNA) 1245 (S.D.N.Y. 2011) .......................... 9

*SimplexGrinnel LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp.2d 206 (S.D.N.Y. 2009) ............................................................................................................................... 4

*Thomas Publishing Co., LLC v. Technology Evaluation Centers, Inc.*, No. 06 Civ. 14212, 2007 U.S. Dist. LEXIS 55086 (S.D.N.Y. July 27, 2007) ......................................................... 8

*Tisi v. Patrick*, 97 F. Supp. 2d 539 (S.D.N.Y. 2000) ...................................................................... 5

*Well-Made Toy Mfg. Corp., v. Goffa Int'l Corp.*, 354 F.3d 112 (2d Cir. 2003) .............................. 3

*Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.*, 516 F. Supp. 2d 270 (S.D.N.Y. 2007) ....................................................................................................................... 8

**Statutes**

17 U.S.C. § 411(a) ............................................................................................................................3

**PRELIMINARY STATEMENT**

Klauber's opposition papers are notable for conceding the failures of its Third-Amended Complaint. Rather than responding to Bon-Ton's challenges to its Third-Amended Complaint by pointing to facts alleged therein, Klauber attempts to cure its sparse pleading with new factual allegations that should have been included in its original complaint–in essence arguing all its ills can be remedied with yet another amendment. However, Klauber has already filed four complaints in this action—all deficient—and now seeks a fifth opportunity to re-plead. Indulging Klauber with leave to amend once again would be a waste of valuable judicial and legal resources, allowing Klauber to litigate claims that, as is clear from its opposition papers, should never have been brought.

Indeed, Klauber has not, and cannot, demonstrate that it is entitled to the relief sought. With respect to its breach of contract claim, Klauber grossly misrepresents Bon-Ton's obligations under the Settlement Agreement. Contrary to Klauber's Third-Amended Complaint, the Settlement Agreement simply does not impose any obligation on Bon-Ton to make any payments to Klauber. The Settlement Agreement unequivocally obligated Russel-Newman, not Bon-Ton, to make payments to Klauber.

Unsurprisingly, Klauber's copyright infringement and Lanham Act claims suffer from similar fatal and inexplicable deficiencies. Not only are key elements—such as standing, registration, copying, and damages—inexplicably missing from Klauber's pleadings, but Klauber's copyright and Lanham Act claims are premised on defective legal theories. For example, Klauber argues in its opposition papers that the Court should determine whether the copyrights in the registered 7088 Pattern have been infringed, by comparing Klauber's

*unregistered* 7087 Pattern to the allegedly infringing works—a bizarre argument that defies all logic. Klauber's false advertising claim is similarly specious. Not only was this claim so poorly pled that the nature of the claim was unascertainable from the pleading and indeed could only be ascertained after Klauber's opposition papers—but the claim itself is premised in a flawed legal theory that has been uniformly rejected by the Supreme Court, the Second Circuit and this Court.

Klauber's deliberate pursuit of frivolous claims, careless pleadings and unapologetic squandering of valuable judicial and legal resources should not be abided. Accordingly, Bon-Ton respectfully requests that Klauber's Third-Amended Complaint be dismissed without leave to amend and that Bon-Ton be awarded its attorneys' fees in responding to this action.

## ARGUMENT

### I. KLAUBER FAILS TO PLEAD A CLAIM FOR BREACH OF CONTRACT

Confronted with the plain, unambiguous language of the Settlement Agreement, Klauber asks this Court to reject the express language of the settlement agreement—and, indeed, the most fundamental and basic principles of contract law—in favor of its own uncorroborated and self-serving version of the parties' purported intent.

Indeed, Klauber argues that "the obligation to make the settlement payments covered both Russell-Newman and Bon-Ton, if not explicitly, then implicitly[,]" and that "without the payments there was a failure of consideration to Klauber." (Opp. Br. p.6). Klauber, however, offers no factual or legal support for its position. Regardless, the Settlement Agreement is unequivocal that payment obligations belong only to Russell-Newman. The explicit language of the Settlement Agreement also makes severance language unnecessary. Klauber may have struck a bad bargain and did not receive payment from Russell-Newman, however, "proof of a bad bargain does not establish failure of consideration" and the obligation to make payments does not shift to Bon-Ton. *Ruppert v. Singhi*, 243 N.Y. 156, 161 (1926); *see also Childs v.*

2

*Levitt*, 151 A.D.2d 318, 320 (N.Y. App. Div. 1st Dep't 1989) ("[e]quity will not relieve a party of its obligations under a contract merely because subsequently, with the benefit of hindsight, it appears to have been a bad bargain").

Recognizing that it has no factual or legal support for this theory, Klauber then attempts to side-step this issue by using its opposition brief to interject an entirely "new" theory of breach of contract. In its opposition brief, Klauber asserts a new theory of breach – *i.e.*, that Bon-Ton breached Paragraph 4(f) of the Settlement Agreement by allegedly offering for sale undergarments that contain lace patterns that are purportedly similar to the lace patterns that are subject to the Settlement Agreement. As Klauber itself recognizes, "a court may only consider the pleadings when ruling on a motion." (Opp. Br. at p. 5, *citing LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). Indeed, Klauber acknowledges that it failed to allege this new theory of breach and asks the Court to give it yet another chance to amend its complaint.[1] Indulging Klauber with leave to amend once again would be a waste of time and of the valuable resources of this Court and of Bon-Ton. Accordingly, this Court should deny Klauber's request and dismiss its breach of contract claim.

## II. KLAUBER FAILS TO PLEAD A VALID COPYRIGHT INFRINGEMENT CLAIM

### A. The Copyright Act Bars Klauber from Bringing a Copyright Infringement Action with Respect to the 7087 Pattern

The Copyright Act mandates that a plaintiff shall not institute an infringement action until registration of the copyright has been made. *See Well-Made Toy Mfg. Corp., v. Goffa Int'l Corp.*, 354 F.3d 112, 116 (2d Cir. 2003) ("section 411(a) bar[s] the district court from considering whether the copyright [in an unregistered derivative work] had been infringed").

---

[1] Interestingly, Klauber offers no explanation as to why this "new" theory was not alleged in its original complaint—nor in any one of the **three** amended complaints that followed it.

3

Incredibly, Klauber claims the registration requirement does not apply to its 7087 pattern because the 7087 pattern is a derivative work that contains "all the elements" of a prior, registered work.

Tellingly, none of the cases cited by Klauber stand for the proposition that a plaintiff may proceed with a copyright infringement claim for an unregistered derivative work because the work purportedly contains "all the elements" of a prior registered work. Indeed, all of the cases cited by Klauber contradict this very argument. For example, although Klauber cites to *SimplexGrinnel LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp.2d 206, (S.D.N.Y. 2009) in support of this proposition, in *SimplexGrinnel*, the court expressly held that the court's subject matter jurisdiction was limited to the four registered works at issue and that the plaintiff could not pursue a copyright infringement claim for its unregistered derivative work. The court further stated:

> Additionally, SimplexGrinnell provides no support for its contention that if sufficient originality were lacking for a new version to qualify as a derivative work, the Court's subject matter jurisdiction would extend to that new -- uncopyrightable -- work. Even if a new version would not qualify as a "derivative work," it is nevertheless still a separate work, as understood in the Copyright Act, which states that "where [a] work has been prepared in different versions, each constitutes a separate work." 17 U.S.C. § 101 (definition of when a work is "created."). And the jurisdictional registration requirement precludes "an action for infringement of the copyright in any United States work" until proper registration or preregistration has been accomplished. 17 U.S.C. § 411(a).

*Id.* at 212. Klauber's citation to *Lewinson v. Henry Hold and Co. LLC*, 659 F. Supp.2d 547 (S.D.N.Y. 2009) is equally misguided—and indeed fatal to Klauber's argument—as the court in that case held that the "Plaintiff cannot base his copyright infringement claim on the Unregistered Manuscript because it constitutes an unregistered derivative work." *Id.* at 562. Similarly, Klauber's citation to *Mattel, Inc. v. Robarb's, Inc.*, 139 F. Supp.2d 487 (S.D.N.Y. 2001) is also unavailing because the plaintiff in that case, Mattel, brought its copyright

4

infringement suit in connection with a registered, original work -- not an unregistered derivative work. *Id.* at 497-98.

### B. Klauber Fails to Plead the Requisite Elements of Infringement

Dismissal of Klauber's copyright infringement claims is further warranted because Klauber's claims for copyright infringement are insufficiently pled.  As set forth in Bon-Ton's moving papers, Klauber fails to sufficiently plead one of the threshold requirements of a copyright infringement claim—namely, copying.  To demonstrate copying, Klauber must allege facts sufficient to demonstrate that: (1) the disputed works are strikingly similar; or (2) Bon-Ton had access to the copyrighted work and that a substantial similarity exists as to protectable elements in the disputed works.  *See Tisi v. Patrick*, 97 F. Supp. 2d 539, 546 (S.D.N.Y. 2000).

Although Klauber heatedly challenges that it failed to plead access in its opposition papers, Klauber does not refute, and thus concedes, that it failed to plead striking or substantial similarity.  To overcome this deficiency, Klauber attempts to demonstrate in its opposition papers that the disputed works are substantially similar.  However, Klauber's attempt to use its opposition papers as a vehicle to assert allegations that should have been pled in its Third-Amended Complaint is both belated and insufficient.  It "is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).  Accordingly, Klauber's copyright infringement claim should be summarily dismissed.

### C. Klauber Should Not Be Granted Leave to Amend its Copyright Claim Because the Claim is Futile

Furthermore, Klauber's request to amend its Third Amended Complaint to address these deficiencies should also be denied because it is clear from Klauber's Opposition Papers and

5

pleadings that it cannot demonstrate that any copying of its lace designs constitutes copyright infringement.

To establish the element of copying, Klauber must plead facts demonstrating "substantial similarity between the defendant's work and the protectable elements of the plaintiff's work, because not all copying results in copyright infringement." *See Gal v. Viacom Int'l, Inc.*, 518 F. Supp. 2d 526, 537 (S.D.N.Y. 2007) (internal quotations omitted) (citations omitted). Thus, the court, in comparing the two works at issue, must eliminate the elements of the work which are not capable of copyright protection and consider only the protectable elements. *See Folio Impressions v. Byer California*, 937 F.2d 759 (2d Cir. 1991). Although Klauber argues that the test in *Folio Impressions* is inapplicable to this case because *Folio Impressions* featured "rather specialized" facts that concerned "background designs" that were copied from the "public domain," Klauber misses the point entirely. In *Folio Impressions,* the court held that substantial similarity analysis requires that unprotectable elements be excluded from consideration where the allegedly infringed work contains both protectable and unprotectable elements. *Id*. at 765-66. Thus, the copying of generic floral patterns that appear in nature, such as a rose pattern, did not constitute infringement. As the Second Circuit explained, "by the rose's very nature one artist's rendering of it will closely resemble another artist's work." *Id*. at 766. Indeed, as this court has recognized, when representing common objects "any two devices purporting to represent a natural prototype or archetype are likely to be similar, quite apart from any copying." *See First American Artificial Flowers, Inc. v. Joseph Markovits, Inc.*, 342 F.Supp. 178, 186 (S.D.N.Y. 1972). None of the cases cited by Klauber support the proposition that courts no longer have to determine whether the allegedly copied material is protectable, as Klauber attempts to imply.

Thus, the Court should deny Klauber's request to amend its Third-Amended Complaint because Klauber's copyright infringement claim is ultimately futile. Klauber's allegedly infringed works consist of merely generic renderings of an alternating pattern of flowers, leaves and vines, which are commonly found on clothing. Thus, any demonstration of copying of these generic patterns is simply not actionable.

### III.   KLAUBER FAILS TO PLEAD A VALID CLAIM FOR FALSE ADVERTISING

While Klauber clarifies in its opposition papers that its Lanham Act claim alleges false advertising pursuant to section 43(a)(1)(B), this clarification is too little, too late, and does not cure the fact that Klauber's claims fail as a matter of law. Nor does Klauber succeed in overcoming Bon-Ton's challenge to Klauber's failure to plead the requisite elements of a false advertising claim, namely prudential standing and actual damages as a result of the alleged false advertising.

#### A.   Klauber's False Advertising Claim Fails As A Matter of Law

In support of its claim for false advertising, Klauber alleges that Bon-Ton's marketing and advertisement of its RELATIVITY women's undergarments featuring a purported copy of Klauber's 7087 lace pattern constitutes false advertising in violation of Section 43(a)(1)(B) of the Lanham Act. Specifically, Klauber alleges that Bon-Ton's use of the disputed lace pattern falsely describes or represents Bon-Ton's product as Klauber's product or that Bon-Ton's product is sponsored or approved by Klauber. However, Klauber's claim for false advertising fails as a matter of law.

Both the Supreme Court and courts in this Circuit have held that Lanham Act claims may not be premised on false representations or attributions of authorship of ideas or expression embodied or contained in goods. *Dastar Corp. v. Twentieth Century Fox Film Corp.*,

7

539 U.S. 23, 32, (U.S. 2003) ("[A]s used in the Lanham Act, the phrase 'origin of goods' is . . . incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain"). Thus, "[n]o claim for false advertising will stand where the statements of which a plaintiff complains is directed at the authorship of a work." *Broughel v. Battery Conservancy*, No. 07 CV 7755, 2010 U.S. Dist. LEXIS 25496, at * 8-*9 (S.D.N.Y. Mar. 16, 2010), citing *Invista S.a.r.l. v. E.I. Du Pont De Nemours & Co.*, 08 Cv. 7270, 2008 U.S. Dist. LEXIS 94009, at *9-*10 (S.D.N.Y. 2008). *See also Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.*, 516 F. Supp. 2d 270, 286 (S.D.N.Y. 2007) ("[A] Lanham Act claim cannot be based on false designation of authorship in [Defendant's] publications."); *Gurvey v. Cowan, Liebowitz & Latman*, P.C., 2009 U.S. Dist. LEXIS 34839, at *12 (S.D.N.Y. 2009). ("A failure to attribute the authorship of an idea simply does not amount to the misrepresentation . . . as required under . . . the Lanham Act.").

"Thus, the Second Circuit has held that where a plaintiff's Lanham Act claim alleges that there has been false representation of the source of a work solely because the plaintiff did not receive credit for a work, 'dismissal . . . for failure to state cause of action [is] appropriate.'" *Broughel* at *10-*13 (dismissing claim for false advertising alleging unattributed copying of plaintiff's designs and ideas on the grounds that "a claim that disputes the origin of an idea is not appropriately brought under the Lanham Act"), citing *Agee v. Paramount Commc'ns, Inc.*, 59 F.3d 317, 327 (2d Cir. 1995) ). *Accord Thomas Publishing Co., LLC v. Technology Evaluation Centers, Inc.*, No. 06 Civ. 14212, 2007 U.S. Dist. LEXIS 55086, at *9-*10 (S.D.N.Y. July 27, 2007) (dismissing false advertising claim where defendant misrepresented itself as the "developer, creator or owner" of materials comprising a software directory, because "failure to attribute authorship to Plaintiff does not amount to misrepresentation of 'the nature,

8

characteristics, qualities or geographic origin' of . . . [Defendant's] goods.'"); *Antidote International Films, Inc. v. Bloomsbury Publishing, PLC*, 467 F.Supp. 2d 394, 400 (S.D.N.Y. 2006) (dismissing false advertising claim alleging misrepresentations relating to authorship of a novel). Accordingly, Klauber's claim for false advertising fails as a matter of law and should be dismissed.

### B.     Klauber's False Advertising Claim Fails Because Klauber Has Not Demonstrated Prudential Standing or Harm

Even if Klauber's false advertising claim did not fail as a matter of law, Klauber's false advertising claim fails because it has failed to demonstrate that it possesses a reasonable interest to be protected or would suffer harm as a result of the alleged misrepresentation. Indeed, in its opposition brief, Klauber alleges that it will suffer injury because its customer Hanky Panky will suffer injury. Such attenuated harm, even if credible, is unsupported by the case law and, at best, would confer standing upon Hanky Panky—not Klauber.

Tellingly, Klauber makes no effort to distinguish the case *Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221 (3d Cir. 1998). Furthermore, the cases cited by Klauber are inapposite and do not support Klauber's position. Although Klauber cites to *Salon FAD v. L'Oreal USA, Inc.*, 100 U.S.P.Q.2d (BNA) 1245 (S.D.N.Y. 2011), that case is inapposite because the plaintiffs in that case were salons who purchased and sold hair products manufactured by the defendants. Thus, the court found an injury plausible because the plaintiffs were defendants' customers and defendants' misrepresentations could have resulted in reputational harm to plaintiffs who sold defendants' products to the public. *Famous Horse Inc. v. 5th Avenue Photo Inc.*, 624 F.3d 106, 113 (2d Cir. 2010), is similarly inapposite because the defendant in that case was also the plaintiff's supplier and sold plaintiff counterfeit products. Moreover, unlike Klauber and Bon-Ton, the Second Circuit found that the parties were

9

competitors because both parties sold jeans to the public, albeit one to retail and one to wholesale. *Id*. Thus, these cases are entirely inapposite because Klauber is neither a customer, nor a competitor, of Bon-Ton. Accordingly, Klauber's claim for false advertising fails because Klauber can neither demonstrate prudential standing, not harm as a result of the alleged misrepresentation.

## **CONCLUSION**

Based upon the foregoing, Bon-Ton respectfully requests that the Court not only dismiss Klauber's Third-Amended Complaint in its entirety but also award Bon-Ton its attorneys' fees and costs incurred in the defense of this law suit and all such other relief that the Court deems just and proper.

Dated:  New York, NY
       June 8, 2012

DUANE MORRIS LLP

By: /s/
Vanessa C. Hew
Suzan Jo
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000

*Counsel for defendant*
*The Bon-Ton Stores, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a copy of the foregoing to be served by electronic mail this 8th day of June, 2012 on the following pursuant to the parties' agreement:

>Philip Gottfried, Esq.
>Amster, Rothstein & Ebenstein LLP
>90 Park Avenue
>New York, NY 10016
>E-mail: pgottfried@arelaw.com

                                                        /s/ S. Jo
                                           _____

DM1\3369031.1