UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

NEW YORK

------------------------------------------------------------- x

| | |
|---|---|
| KLAUBER BROTHERS INC., | Civil Action No. 11 CIV 4985 (PGG) |
| Plaintiff, | |
| vs. | ECF Case |
| RUSSELL-NEWMAN INC. and THE BON-TON STORES, INC., | |
| Defendants. | |

------------------------------------------------------------- x

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Philip H. Gottfried
(*pgottfried@arelaw.com*)
Marc J. Jason
(*mjason@arelaw.com*)
Holly Pekowsky
(*hpekowsky@arelaw.com*)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000
Attorneys for Plaintiff

541993.1

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ....................................................................................1

II.  BACKGROUND ..............................................................................................................2

III. LEGAL ARGUMENT......................................................................................................3

    A.   Bon-Ton is not Entitled to Recover Attorneys' Fees and
        Costs Under the Copyright Act..............................................................................3

    B.   Bon-Ton is not Entitled to Recover Attorneys' Fees and Costs
        Under the Lanham Act...........................................................................................6

    C.   Bon-Ton is not Entitled to Recover Attorneys' Fees and Costs
        for the Breach of Contract Claim...........................................................................8

    D.   Attorneys' Fees Sought Are Not Reasonable ........................................................8

IV.  CONCLUSION..................................................................................................................9

541993.1

## TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

**CASES**                                                                                                      Page(s)

*Altvater Gessler - J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*,
  2011 U.S. Dist. LEXIS 76092 (S.D.N.Y. July 14, 2011) .......................................................... 7

*Branch v. Ogilvy & Mather, Inc.*,
  772 F. Supp. 1359 (S.D.N.Y. 1991) .......................................................................................... 6

*Browning Debenture Holders' Committee v. DASA Corp.*,
  560 F.2d 1078 (2d Cir. N.Y. 1977) ........................................................................................... 8

*Bryant v. Media Right Prods., Inc.*,
  603 F.3d 135 (2d Cir. 2010) ...................................................................................................... 3

*Canal+ Image Uk Ltd. v. Lutvak*,
  792 F. Supp. 2d 675 (S.D.N.Y. 2011) ...................................................................................... 4

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*,
  546 F. Supp. 2d 120 (S.D.N.Y. 2008) ...................................................................................... 4

*Crown Awards, Inc. v. Disc. Trophy & Co.*,
  564 F. Supp. 2d 290 (S.D.N.Y. 2008) ...................................................................................... 5

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) ................................................................................................................... 3

*Gameologist Group, LLC v. Sci. Games Int'l, Inc.*,
  2012 U.S. Dist. LEXIS 58734 (S.D.N.Y. Apr. 26, 2012) ....................................................... 7

*IMAF, S.p.A. v. J.C. Penney Co.*,
  810 F. Supp. 96 (S.D.N.Y. 1992) ............................................................................................. 7

*Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*,
  820 F. Supp. 2d 569 (S.D.N.Y. 2011) ...................................................................................... 7

*Kroll-O'Gara Co. v. First Defense Int'l, Inc.*,
  2000 U.S. Dist. LEXIS 4549 (S.D.N.Y. Apr. 7, 2000) ........................................................... 5

*Nemeroff v. Abelson*,
  620 F.2d 339 (2d Cir. N.Y. 1980) ............................................................................................ 8

*Porto v. Guirgis*,
  659 F. Supp. 2d 597 (S.D.N.Y. 2009) ...................................................................................... 4

*Silberstein v. Fox Entm't Group, Inc.*,
    536 F. Supp. 2d 440 (S.D.N.Y. 2008) .................................................................................4

*Universal City Studios, Inc. v. Nintendo Co.*,
    797 F.2d 70 (2d Cir. N.Y. 1986) ..........................................................................................6

**STATUTES**

15 U.S.C. § 1117(a) ..........................................................................................................................6

17 U.S.C. § 505 ............................................................................................................................3, 4

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................4, 9

Plaintiff Klauber Brothers, Inc. ("Klauber") submits this Memorandum of Law in Opposition to the Motion for Attorneys' Fees and costs of defendant The Bon-Ton Stores, Inc. ("Bon-Ton").

## I. PRELIMINARY STATEMENT

After reaping the benefits of a settlement agreement for which it paid nothing (and from which Klauber ultimately received much less than it bargained for), and then continuing its infringing activities, Bon-Ton now has the audacity to make a frivolous motion for attorneys' fees and costs. Its gumption knows no bounds. Bon-Ton is simply not entitled to an award of fees and costs in this case.

With respect to the copyright claim, Bon-Ton cannot recover fees because Klauber's assertion of infringement was not objectively unreasonable or frivolous. Klauber's copyright registrations are valid and subsisting, and the alleged infringement merited a detailed analysis by the Court in its decision. Indeed, the infringement claim was consequential enough in the prior litigation between the parties to prompt a rapid and substantial agreement to settle. Although the Court did not ultimately agree with Klauber's infringement assertion, its ruling does <u>not</u> mean that Klauber's claim was objectively unreasonable or frivolous.

As for the Lanham Act claim, Klauber's assertion of false advertising was not brought in bad faith, and dismissal of the claim did not turn this into an exceptional case, which is what is required for an award of attorneys' fees. Indeed, the Court did not even opine on the merits of Klauber's "bait and switch" claim. Rather, the dismissal was based on standing, as the Court ruled that Klauber and Bon-Ton are not direct competitors. There is not even a hint in the Court's Order that Klauber made its claim in bad faith.

Finally, with respect to Klauber's breach of contract claim, Bon-Ton provides no authority whatsoever for an award of fees under the common law in a case where a contract claim was dismissed. Simply, that is because there is no such authority for an award of fees in this situation.

As for the fees themselves sought by Bon-Ton, they are beyond what is reasonable -- so much so that Bon-Ton does not even quantify them. Bon-Ton merely states average billing rates for five attorneys and four paralegals, who billed over 300 hours in a case where Bon-Ton did not even file an answer.

## II. BACKGROUND

Klauber previously sued Bon-Ton and co-defendant Russell-Newman, Inc. ("Russell-Newman") (together, "Defendants") in 2009 for infringement of the copyrights in the lace designs also at issue in this case (Klauber design numbers 7087, 7088 and 7089). That prior litigation was resolved by Settlement Agreement and dismissal of the action with prejudice. Klauber was to have received certain payments under the Settlement Agreement, but it only received some of what it bargained for. In addition, Bon-Ton had agreed to cease infringing, or even displaying, Klauber's three lace designs, which it did not do.

Klauber initiated this suit against Russell-Newman as a result of the breach of the Settlement Agreement, subsequently added Bon-Ton as a defendant, and continued to refine and augment its claims as more information came to light. Bon-Ton, after being brought into the case with the First Amended Complaint, never filed an answer, and moved the Court to dismiss what became the Third Amended Complaint. The Court considered the motion for more than 9 months after briefing was completed, and issued a 20 page decision granting Bon-Ton's motion. Klauber has filed an appeal of this decision in the Second Circuit.

## III. LEGAL ARGUMENT

### A. Bon-Ton is not Entitled to Recover Attorneys' Fees and Costs Under the Copyright Act

"Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Even in cases where Congress has legislated exceptions to this general rule, attorney fee awards remain just that -- relatively rare exceptions to the rule. With respect to copyright cases, Congress has determined that an award of attorneys' fees may be appropriate if it is "faithful to the purposes of the Copyright Act. . . ." *Fogerty*, 510 U.S. at 534 n. 19. "Section 505 of the Copyright Act provides that a district court may 'in its discretion . . . award a reasonable attorneys fee to the prevailing party' in a copyright action." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (quoting 17 U.S.C. § 505).

"There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised. . . ." *Fogerty*, 510 U.S. at 534 (quotation marks omitted). "When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144 (citing *Fogerty*, 510 U.S. at 534 n. 19). In this Circuit, courts have held that "[t]he third factor—objective unreasonableness—should be given substantial weight." *Bryant*, 603 F.3d at 144.

"Objective unreasonableness" is generally used to describe claims that have no legal or factual support. "[T]he courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be

deemed objectively unreasonable." *Silberstein v. Fox Entm't Group, Inc.*, 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008); *see also Porto v. Guirgis*, 659 F. Supp. 2d 597, 617-18 (S.D.N.Y. 2009); *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 125 (S.D.N.Y. 2008).

In this case, Klauber's claim clearly was <u>not</u> devoid of any legal or factual basis. In particular, the Court held that Klauber could maintain a copyright action based on alleged unauthorized copying of the 7087 design (Order at 9), and that Klauber adequately pled copying (Order at 10). The Court did, however, find that that Klauber's design and Bon-Ton's design were not substantially similar (Order at 11-16). The Court addressed this conclusion in a 5-page analysis. Such a finding, after a reasoned analysis by the Court, does not mean that Klauber's claim was objectively unreasonable and cause for an attorney fee award to Bon-Ton.

*Canal+ Image Uk Ltd. v. Lutvak*, 792 F. Supp. 2d 675 (S.D.N.Y. 2011) is instructive as a case where the court similarly granted a Rule 12(b)(6) motion to dismiss a complaint for copyright infringement and breach of contract, but did not award attorneys' fees. In that case, as in the present one, the court held that dismissal of the copyright claim was warranted "on the ground that no reasonable jury could find the works substantially similar." *Canal+ Image Uk Ltd.*, 792 F. Supp. 2d at 679. As Bon-Ton argued in this case, the defendants in *Canal+* argued that they were "entitled to attorneys' fees because [the] copyright infringement claim lacked both legal and factual support, and because its conduct in the course of pursuing such claim was unreasonable." *Canal+ Image Uk Ltd.*, 792 F. Supp. 2d at 681. The court held that, although the claims for copyright infringement and breach of contract were dismissed, the alleged infringers were not entitled to an award of attorneys' fees under 17 U.S.C. § 505 because the underlying claims were not frivolous, improperly motivated, or objectively unreasonable.

Bon-Ton provides no cogent argument that Klauber's copyright infringement claim was objectively unreasonable or frivolous. It simply points out that the Court dismissed the infringement claim after applying the "ordinary observer" test and determining that the designs are not substantially similar. Other than gratuitous statements that the claim was "bogus," Bon-Ton does not proffer any basis for a determination that Klauber's claim was objectively unreasonable or frivolous.

Moreover, Bon-Ton's assertion that "the general view is that an award of attorneys' fees to the prevailing party in a copyright action is the rule rather than the exception and attorneys' fees should be awarded routinely" (Brief at 4) is not actually the case at all. Cases cited by Bon-Ton to support this proposition all are factually distinct from the case at bar and do not support an award of fees to Bon-Ton.

In *Crown Awards*,[1] attorneys' fees were awarded when defendant's claims (including a malicious prosecution claim brought before the competitor had prevailed in the underlying action) were deemed frivolous and objectively unreasonable, and there was misconduct by the party during the litigation. The fact that the defendant asserted a claim -- malicious prosecution -- that it could not, by definition, prevail on, was an important factor in the court's decision to award fees. Such is not the case with the claims asserted against Bon-Ton.

In *Kroll-O'Gara*,[2] the court awarded fees because the defendant had been warned of infringing activities but refused to stop the accused conduct. Thus, the defendant's continuing infringement in the face of demands to cease and desist factored into the court's decision to award fees.

---

[1] *Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290 (S.D.N.Y. 2008).
[2] *Kroll-O'Gara Co. v. First Defense Int'l, Inc.*, 2000 U.S. Dist. LEXIS 4549 (S.D.N.Y. Apr. 7, 2000).

Finally, in *Branch*,[3] the court awarded fees to a prevailing plaintiff and was undoubtedly influenced by the fact that the plaintiff had been terminated by the defendant in bad faith.

None of the cases cited by Bon-Ton support a determination that Klauber's copyright claim was objectively unreasonable or frivolous, and an award of attorneys' fees is not warranted under the facts of this case.

### B. Bon-Ton is not Entitled to Recover Attorneys' Fees and Costs Under the Lanham Act

Under the Lanham Act, reasonable attorneys' fees may be awarded to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). "Exceptional" cases have been interpreted to include cases brought in bad faith. (*See* Bon-Ton Brief at 6.) In this case, Klauber did not bring the false advertising claim in bad faith, and there is no evidence that it did. Bon-Ton obliquely implies that Klauber brought the claim in bad faith after allegedly "recognizing the weakness in its breach of contract claim." (Bon-Ton Brief at 6.) This is an unfounded and unsupported accusation. Indeed, nothing in the Court's Order even hints at an improper motive by Klauber in bringing the claim. The Court analyzed the claim and determined that Klauber did not have standing to bring it, since Klauber was not a direct competitor of Bon-Ton. But this does not constitute the basis for an award of attorneys' fees as an exceptional case.

The first case cited by Bon-Ton to support its exceptional case argument, *Universal City Studios, Inc. v. Nintendo Co.*,[4] is easily distinguishable on the facts from the case at bar. *Universal* involved findings of tortious interference with contractual relations, and the court found plaintiff to have brought the claim for trademark infringement in an attempt to threaten defendant's licensees and improperly join in profits. In *Universal*, unlike in the case at bar, the trademark claim was clearly a competitive ploy.

---

[3] *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359 (S.D.N.Y. 1991).
[4] *Universal City Studios, Inc. v. Nintendo Co.*, 797 F.2d 70 (2d Cir. N.Y. 1986).

In the other case cited by Bon-Ton, *IMAF, S.p.A. v. J.C. Penney Co.*,[5] the court awarded fees upon finding there to be "overtones" suggesting that the plaintiff did not genuinely believe in the merits of its allegations. In particular, the plaintiff knew that the name at issue had never been used in the relevant market in the United States, thereby making it virtually impossible to prevail on a trademark infringement claim. Once again, there is no suggestion in this case that Klauber did not believe in its claim or that it would be impossible to prevail on the claim.

Numerous cases have held that when a claim is not brought in bad faith that the case is not "exceptional," and an award of attorneys' fees is not warranted. *See, e.g., Gameologist Group, LLC v. Sci. Games Int'l, Inc.*, 2012 U.S. Dist. LEXIS 58734 (S.D.N.Y. Apr. 26, 2012) (defendant defeated trademark infringement allegations and moved for fees; the court, in denying the motion, found plaintiff to have acted under a sincere belief in the merits of its claims); *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569 (S.D.N.Y. 2011) (court found plaintiff's conduct not to constitute an "exceptional case" because plaintiff originally had a good faith basis for believing that defendant had violated the Lanham Act); *Altvater Gessler - J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 2011 U.S. Dist. LEXIS 76092 (S.D.N.Y. July 14, 2011) (defendant argued that plaintiff had sued in bad faith and for "ulterior business motives"; the court found no basis to believe that "ulterior" motives existed).

Here, Klauber had a sound basis for asserting its false advertising claim because Bon-Ton allegedly made unauthorized use of Klauber's lace designs in at least one advertisement. In view of this unauthorized use, it is clear that Klauber did not bring the false advertising claim for an improper purpose. The Court's Order also does not include any findings (or even any hints) of bad faith on the part of Klauber. The Court simply held that Klauber did not have standing to bring the claim.

---

[5] *IMAF, S.p.A. v. J.C. Penney Co.*, 810 F. Supp. 96 (S.D.N.Y. 1992)

541993.1                                          -7-

### C. Bon-Ton is not Entitled to Recover Attorneys' Fees and Costs for the Breach of Contract Claim

Bon-Ton's most far-fetched claim is for recovery of fees and costs for the breach of contract claim. There is no authority for this position, and the two cases cited by Bon-Ton are inapposite.

In *Browning Debenture*,[6] a case involving debentures and the Securities Exchange Act, the court recognized that under the American Rule, every party to a case bears its own attorneys' fees, and a court will not ordinarily assess such fees except to the extent that the assessment is specifically authorized by Congress. Consequently, while the *Browning Debenture* court did award fees, the authority for the award was in the relevant provision of the Trust Indenture Act. This has no relevance to the case at bar or, more particularly, Klauber's claim for breach of contract.

The second case cited by Bon-Ton, *Nemeroff v. Abelson*,[7] is also wholly inapposite. *Nemeroff* also involves claims brought under the Securities Exchange Act, and the court similarly recognized that the general American Rule governing allocation of the costs of litigation places the burden of counsel fees on each party, regardless of the outcome of the action. Significantly, although fee shifting is authorized under the Securities Exchange Act, the court did <u>not</u> award fees because the plaintiff had "reasonable beliefs" that defendant's actions were intended to illegally manipulate stock prices. *Nemeroff* does not support Bon-Ton's position at all.

### D. Attorneys' Fees Sought Are Not Reasonable

In its brief, Bon-Ton sets out the twelve *Johnson* factors for determining a reasonable attorneys' fee award. (Bon-Ton Brief at 9.) Then it proceeds to ignore the factors and not

---

[6] *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078 (2d Cir. N.Y. 1977).
[7] *Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. N.Y. 1980).

541993.1                                -8-

undertake a shred of analysis whatsoever. Instead, Bon-Ton simply states average hourly billing rates for five attorneys and four paralegals, and states that the total number of hours billed was 304.1. Bon-Ton does not address factors such as novelty and difficulty of the questions, any time limitations imposed, the relationship with the client, or other factors. Bon-Ton also does not explain why "analyzing and defending" against the complaints (while not filing an answer), and making a Rule 12(b)(6) motion to dismiss took all of this personnel 304.1 hours to accomplish. Bon-Ton does not even give a final tally of the fees sought. This was undoubtedly calculated by Bon-Ton to avoid the impact of the unreasonable number it seeks.

### IV. CONCLUSION

In light of the foregoing, Klauber respectfully requests that the Court deny Bon-Ton's Motion For Attorneys' Fees and Costs in all respects.

Respectfully submitted,

Dated: May 6, 2013
New York, New York

By: _____
Philip H. Gottfried
Marc J. Jason
Holly Pekowsky

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

Attorneys for Plaintiff