IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLAUBER BROTHERS INC., <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL-NEWMAN INC., and <br> THE BON-TON STORES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) CASE NO.: 11-CV-4985 <br> ) (PGG) <br> ) <br> ) ECF Case <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES AND COSTS**

**DUANE MORRIS LLP**
Vanessa C. Hew
Suzan Jo
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000
*Counsel for Defendant
The Bon-Ton Stores*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................2

I.   BON-TON OBTAINED A DISMISSAL OF *ALL* CLAIMS AGAINST IT AND
     IS ENTITLED TO RECOVER ITS LEGAL FEES AND COSTS ASSOCIATED
     WITH THE DEFENSE OF THIS MATTER ..............................................................2

     A.   Klauber's Copyright Infringement Claim Is "Objectively Unreasonable,"
          And Therefore, Bon-Ton Is Entitled To Recover Its Fees And Costs. ...............2

     B.   Bon-Ton Is Entitled To Legal Fees and Costs Under the Lanham Act
          Because Klauber Did Not Even Have Standing To Sue .....................................5

     C.   The Breach of Contract Cause Of Action Was Brought For Improper
          Purposes ..............................................................................................................7

II.  THE ATTORNEYS' FEES SOUGHT ARE REASONABLE......................................7

CONCLUSION......................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Adsani v. Miller*, 1996 U.S. Dist. LEXIS 13740 No. 94 Civ. 9131 (DLC) (S.D.N.Y Sept. 19, 1996) ................................................................................................................................3

*Baker v. Urban Outfitters, Inc. 431 Supp. 2d 351* ...........................................................................3

*Canal+ Image UK Ltd. v. Lutvak*, 792 F. Supp. 2d 675 (S.D.N.Y. 2011)................................... 4-5

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ................................................................................2

*Hoeoker v. Kruger*, 200 F. Supp. 2d 340 (S.D.N.Y. 2002) .............................................................6

*Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186 (2d Cir. 1980)....................................6

*Jovani Fashion Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569 (S.D.N.Y. 2011)..................6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .....................................................................5

*Mallery v. NBC Universal, Inc.*, 2008 U.S. Dist. LEXIS 20893 Civ. 2250 (DLC) (S.D.N.Y. Mar. 18, 2008) ................................................................................................... 3-4

*Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir. 1980) .........................................................................7

*Ortho Pharmaceutical Corporation, v. Cosprophar, Inc.*, 32 F.3d 690 (2d Cir. 1994) .............. 5-6

*Porto v. Stephen Adly Guirgis*, 659 F. Supp. 2d 597 (S.D.N.Y. 2009) ...........................................3

*PPX Enterprises, Inc. v. J.H. Records, Inc*., 746 F.2d 120 (2d Cir. 1984) .....................................6

**Other Authorities**

Rule 12(b)(6).....................................................................................................................................7

Defendant, The Bon-Ton Stores, Inc., (hereinafter "Bon-Ton") through its counsel, Duane Morris LLP, respectfully submits this Reply Memorandum of Law in further support of its Motion for Attorneys' Fees and Costs, and states as follows:

## PRELIMINARY STATEMENT

The motivation behind Klauber Brother's Inc.'s ("Klauber") lawsuit against Bon-Ton is abundantly clear from Klauber's opening phrase in its opposition to the instant Motion for Attorneys' Fees and Costs. Klauber's chief complaint is that Bon-Ton somehow "reap[ed] the benefits of a settlement agreement for which it paid nothing (and from which Klauber ultimately received much less than it bargain for)...." (Opp. at p. 1). Having struck a bad deal with Russell-Newman, Inc. ("Russell-Newman"), Klauber went after Bon-Ton when it was clear on the face of the settlement agreement that Bon-Ton had no payment obligations under the settlement agreement.

Klauber's initial lawsuit for breach of contract was not even brought against Bon-Ton. Presumably, if Klauber truly believed that Bon-Ton was liable for the breach, it would have named Bon-Ton as a co-defendant from the start. It was only when Klauber could not effect service on Russell-Newman did Klauber add Bon-Ton as a defendant in the breach of settlement agreement lawsuit. Klauber's First Amended Complaint did not contain any allegations of copyright infringement against Klauber. After a pre-motion conference with the Court, during which the Court expressed concern about the legal sufficiency of Klauber's pleading, Klauber filed a Second Amended Complaint which contained yet a different theory of breach of contract. Knowing the fatal flaw in its breach of contract claim, *i.e.*, that the settlement agreement did not impose any payment obligation on Bon-Ton, Klauber grasping at straws, filed – and served – a Third Amended Complaint containing, in addition to the breach of contract, the copyright infringement and Lanham Act claims, all of which were dismissed by this Court.

1

## ARGUMENT

### I.

### BON-TON OBTAINED A DISMISSAL OF *ALL* CLAIMS AGAINST IT AND IS ENTITLED TO RECOVER ITS LEGAL FEES AND COSTS ASSOCIATED WITH THE DEFENSE OF THIS MATTER

A. **Klauber's Copyright Infringement Claim Is "Objectively Unreasonable," And Therefore, Bon-Ton Is Entitled To Recover Its Fees And Costs.**

In determining whether legal fees and costs can be appropriately awarded under § 505 of the Copyright Act, "courts may consider, among other factors, "frivolousness, motivation, objective reasonableness (both in factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

An award or denial of fees under § 505 of the Copyright Act must be "faithful to the purposes of the Copyright Act," (*Fogerty*, 510 U.S. 534, n.19) which is to "promote the Progress of Science and useful Arts." *Id.* at 527 (quoting U.S. Const. Art. I, § 8, cl. 8). "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." Id. at 524. Thus, the Copyright Act confers a monopoly on the copyright holder. This "monopoly privilege that Congress has authorized, while 'intended to motivate the creative activity of authors and inventors of a special reward,' are limited in nature and must ultimately serve the public good." *Id.* at 526 (quoting *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984). The statutory monopoly is limited in nature because "it reflects a balance of competing claims upon the public interest: Creative works to be encouraged and rewarded, put private motivation must ultimately serve the cause of promoting broad public availability to literature, music and the other arts." *Id*. at 526 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151 (1975)).

Bon-Ton does not advocate that it is entitled to fees merely because it prevailed on a motion to dismiss. Rather, Bon-Ton's entitlement to fees is based upon the objective unreasonableness of Klauber's copyright infringement case. Courts in the Second Circuit have given "substantial weight" to the "objective unreasonableness" factor "and have awarded fees under § 505 based on a finding of objective unreasonableness alone." *Mallery v. NBC Universal, Inc.*, 2008 U.S. Dist. LEXIS 20893, *3, 07 Civ. 2250 (DLC) (S.D.N.Y. Mar. 18, 2008); *see also Baker v. Urban Outfitters, Inc. 431 Supp. 2d 351, 357* (concluding that the objective reasonableness of a case is sufficient by itself to warrant the imposition of fees); *Adsani v. Miller*, 1996 U.S. Dist. LEXIS 13740 No. 94 Civ. 9131 (DLC) (S.D.N.Y Sept. 19, 1996) (same). Moreover, an award of fees and costs in such instances also promotes the purposes of the Copyright Act because it serves to "compensate the defendants for their costs in litigating this matter, and to deter potential plaintiffs from filing objectively unreasonable claims." *Porto v. Stephen Adly Guirgis*, 659 F. Supp. 2d 597, 618 (S.D.N.Y. 2009).

A copyright infringement case is "objectively unreasonable," and fees and costs are appropriately awarded "when a plaintiff cannot demonstrate a single similarity among the protectable elements of his work and the defendants' work…." *Id*. The Court dismissed the copyright action against Bon-Ton based upon a finding that even applying the less stringent "ordinary observer" standard, the allegedly infringing design was not substantially similar to Klauber's 7088 and 7089 designs. Indeed, Klauber did not even attempted to demonstrate any similarity between its 7088 and 7089 design. In Bon-Ton's Memorandum of Law in support of the Motion to Dismiss, Bon-Ton engaged in a detailed comparison of the lace patterns at issue to show that no substantial similarity existed between the allegedly infringing design and Klauber 7088 and 7089. (DE 18, p. 11-15)  In response, Klauber argued that the Court should apply the

3

"ordinary observer" test instead of the "more discerning test" but did not point to any similarities between the designs at issue to support a finding that the designs were substantially similar under either test. (DE 21, p. 9-11).

After the Court conducted its own comparison of the designs, the Court held that "there are enough differences in the individual elements here that the 'total concept and feel of these works' – and the aesthetic appeal – is different." (DE 23, p. 14) The Court's finding of the difference between the 'the total concept and feel' and the aesthetic appeal of the allegedly infringing design and 7088 and 7089 supports a finding that the copyright infringement claims was objectively *un*reasonable. *See Mallery*, 2008 U.S. Dist. LEXIS 20893 at *4 (finding copyright infringement action to be objectively unreasonable where "plaintiffs' work relates to unprotectable ideas rather than protectable expression and, viewed more broadly, the 'total concept and feel' of these works are profoundly different.").

In its opposition, Klauber attempts to rely on *Canal+ Image UK Ltd. v. Lutvak*, 792 F. Supp. 2d 675 (S.D.N.Y. 2011) to argue that its case was meritorious because the Court found that there was no substantial similarity after "a 5-page analysis," indicating that this was a close case (Opp. at p. 4). Notably, the Court dedicates about 4 pages of its analysis to establish the legal standard, *i.e.*, the "ordinary observer" standard versus the "more discerning" standard, that it deemed to be correct standard for comparing the designs. Most of the remainder of the Court's analysis focuses on the ***dissimilarities*** between the designs. Regardless, the Court's analysis of the designs at issue here does not make this case a "novel or close" one that "clarifies the boundaries of copyright law" making an award of fees inappropriate. *Canal+*, 792 F. Supp. 2d at 683.

In *Canal+*, the defendant was denied legal fees and costs because (1) "Canal+'s argument required the Court to analyze a somewhat novel question: can a work consisting almost entirely of unprotected elements be protected under the Copyright Act?" (*Id*. at 683); and (2) prior to the lawsuit being brought the defendant had entered into a licensing agreement for the very rights ably contended were unprotectable in the litigation, which supported an inference that the defendants once believed what Canal+ argued. *Id*. at 684. That is simply not the case here.

Given that the Klauber's copyright infringement case was objectively unreasonable, Bon-Ton should be awarded its legal fees and costs.

### B. Bon-Ton Is Entitled To Legal Fees and Costs Under the Lanham Act Because Klauber Did Not Even Have Standing To Sue

Klauber argues that because the Court's dismissal of the Lanham Act claims was based solely upon Klauber's lack of standing to bring the action, there is no indicia of bad faith to support an award of legal fees and costs under the Lanham Act. (Opp. at p. 7). Lack of standing is not a small matter – it is the *threshold* requirement to maintain an action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 (1992) (noting that whether a plaintiff has standing is a threshold inquiry).

Moreover, Klauber could not meet even the rather lenient prudential standing requirement of the Lanham Act. To establish standing to sue under the Lanham Act, "a plaintiff must demonstrate a reasonable interest to be protected against the advertiser's false or misleading claims… and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising." *Ortho Pharmaceutical Corporation, v. Cosprophar, Inc.*, 32 F.3d 690, 694 (2d Cir. 1994). In this regard, the plaintiff need only show that the alleged false advertising "has caused or will cause a loss of [ ] sales, not whether [the plaintiff] has come forward with specific evidence that [defendant's] ads actually resulted in some definite loss of

5

sales." *Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir. 1980). Although the plaintiff need not point to specific instances of lost sales, it must, nonetheless "allege more than 'mere subjective belief' about damage." *PPX Enterprises, Inc. v. J.H. Records, Inc.*, 746 F.2d 120, 125 (2d Cir. 1984) (quoting *Johnson & Johnson*, 631 F.2d at 189).

In its Third Amended Complaint, the only allegations of damage were that "Klauber ***believes*** that it will be and has been damaged by such false description and representation"; and that "Klauber has been damaged by the acts of Bon-Ton … in an amount not yet determined…." (DE 11 at ¶ ¶ 37, 39). Klauber could not possibly have believed in good faith that such general allegations of damages could establish that it had a "reasonable interest to be protected" or that it had a "reasonable basis" for believing that this interest is likely to be damaged by the allegedly false or misleading advertising. *See Ortho*, 32 F.3d at 694.

Klauber brought Lanham Act claims against Bon-Ton even though it had no reasonable basis to believe that it had standing. Notwithstanding the fact that Klauber did not have standing to bring the claim, significant additional legal effort by Bon-Ton's counsel was required to defend against these claims, making this an exceptional case warranting the awarding of legal fees under the Lahman Act. *See Hoeoker v. Kruger*, 200 F. Supp. 2d 340, 355 (S.D.N.Y. 2002) (declining to award attorneys' fees and costs where the false advertising and unfair competition claims "did not add significantly to the factual or legal burdens on defendants' attorneys"); s*ee also Jovani Fashion Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 576 (S.D.N.Y. 2011) (finding that litigation costs were not significantly increased where the plaintiff voluntarily withdrew its Lanham Act claims early in the litigation).

6

      **C.**      **The Breach of Contract Cause Of Action Was Brought For Improper Purposes**

Klauber makes no bones about why it brought Bon-Ton into this lawsuit in the first place: Bon-Ton "*reap[ed] the benefits of a settlement agreement for which it paid nothing (and from which Klauber ultimately received much less than it bargained for)*." (Opp. at p. 1) (emphasis added).

The only reason that the lawsuit was brought against Bon-Ton (and the copyright infringement and Lanham Act claims later added) was because Klauber felt that it did not get a fair bargain. Klauber wanted Bon-Ton to pay for the bad deal Klauber had struck with Russell-Newman.

Moreover, during the pre-motion conference with this Court in connection with Bon-Ton's proposed motion to dismiss the First Amended Complaint, which contained only a breach of contract cause of action, this Court warned Klauber of the weakness of its claim. Nonetheless, Klauber insisted on going ahead with its claim that was wholly devoid of any legal basis. It is abundantly clear that Klauber's breach of contract claim against Bon-Ton was "instituted in bad faith, vexatiously, wantonly [and] for oppressive reasons." *Nemeroff v. Abelson,* 620 F.2d 339, 349 (2d Cir. 1980) (internal quotes omitted). Accordingly, Bon-Ton is entitled to recover its legal fees and costs.

**II.**

**THE ATTORNEYS' FEES SOUGHT ARE REASONABLE**

The total amount of legal fees sought, *i.e.*, $127,828.45 is representative of the reasonable time spent and reasonable hourly fees charged for each timekeeper. Klauber's chief objection to the reasonableness of the fees and costs sought is that "Bon-Ton does not explain why 'analyzing and defending' against the complaints (while not filing an answer), and making a Rule 12(b)(6)

7

motion to dismiss took all of this personnel 304.1 hours to accomplish."[1] The amount of time Bon-Ton's counsel had to spend in the defense of this matter was a direct consequence of Klauber's ever-shifting legal and factual theories and positions, and is the precise reason why Bon-Ton should be awarded its legal fees and costs.

Although an answer was not filed for each of the iterations of the complaint, each complaint required Bon-Ton's counsel to expend time to analyze, investigate and conduct legal research to evaluate the merits of each complaint. Moreover, with respect to the copyright infringement claims, the respective counsel for the parties engaged in extensive communications before Klauber filed its Third Amended Complaint, including a lengthy letter from Bon-Ton's counsel to Klauber's counsel pointing out the weaknesses in Klauber's position in the hopes that such a letter would deter Klauber from filing a meritless lawsuit against Bon-Ton, which Bon-Ton would have to devote resources to defend.

The numbers of hours spent in defending this matter and obtaining a complete dismissal of all causes of action is also reasonable because the Third Amended Complaint contained three different and distinct causes of action, each requiring its own independent investigation, research and analysis. Accordingly, the amount of attorneys' fees sought is reasonable and should be awarded.

## CONCLUSION

Based upon the foregoing and the Memorandum of Law in Support of the Motion For Attorneys' Fees and Costs, Defendant The Bon-Ton Stores, Inc. respectfully requests that the Court award it its attorneys' fees and costs incurred in connection with the defense of this action.

---

[1] Klauber also objects on the basis that Bon-Ton did not give a final tally of the fees sought. This assertion is, however, inaccurate. Bon-Ton opening brief clearly states that it seeks $127,828.45 in legal fees and costs.

8

| | |
|---|---|
| Dated:  New York, NY<br>May 17, 2013 | DUANE MORRIS LLP<br><br>By: /s/ Suzan Jo<br>    Vanessa C. Hew<br>    vchew@duanemorris.com<br>    Suzan Jo<br>    sjo@duanaemorris.com<br>    Terry Parker<br>    tparker@duanemorris.com<br>    1540 Broadway<br>    New York, NY 10036<br>    (212) 692-1000<br><br>*Counsel for Defendant*<br>*The Bon-Ton Stores, Inc.* |

9

DM1\3875544.1