UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 11, 2013

KLAUBER BROTHERS, INC.,

                Plaintiff,

- against -

RUSSELL-NEWMAN, INC., and
THE BON-TON STORES, INC.,

                Defendants.

**ORDER**

11 Civ. 4985 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Klauber Brothers, Inc. claims, inter alia, that defendants Russell-Newman, Inc. and the Bon-Ton Stores, Inc. (collectively, "Defendants") infringed its copyrights in certain of Plaintiff's lace patterns by selling women's underwear that incorporates substantially similar patterns. Russell-Newman has not appeared and is apparently defunct. On March 26, 2013, this Court granted Bon-Ton's motion to dismiss. See Klauber Bros., Inc. v. Russell-Newman, Inc., No. 11 Civ. 4985 (PGG), 2013 WL 1245456 (S.D.N.Y. Mar. 26, 2013). Bon-Ton has now moved for an award of attorneys' fees and costs. (Dkt. No. 29) For the reasons stated below, Bon-Ton's motion will be DENIED.

## BACKGROUND

        The Third Amended Complaint ("TAC") sets forth three claims against Bon-Ton. First, Klauber alleges that Bon-Ton breached a settlement agreement entered into by Klauber, Russell-Newman, and Bon-Ton, claiming that Bon-Ton is "jointly and severally liable" for certain payments Russell-Newman agreed to make to Klauber. (TAC ¶ 18-20) Second, Klauber alleges that Bon-Ton infringed Klauber's copyrights to certain lace patterns by selling women's underwear incorporating substantially similar patterns. (Id. ¶ 25) Third, Klauber alleges that

Bon-Ton violated the Lanham Act, 15 U.S.C. § 1125(a), by falsely advertising Bon-Ton's products to consumers on its website. (Id. ¶ 32, 34-35, 38)

On March 26, 2013, this Court granted Bon-Ton's motion to dismiss. Klauber, 2013 WL 1245456. Bon-Ton now seeks an award of costs and attorney's fees. (Dkt. No. 29)

## DISCUSSION

Bon-Ton seeks $127,828.45 in attorneys' fees and costs that it incurred in defending against Klauber's breach of contract, copyright, and Lanham Act claims. (Dkt. No. 29) Because different legal standards apply for awarding attorneys' fees under each of Klauber's claims, the Court will consider them separately.

**I.    BREACH OF CONTRACT CLAIM**

    **A.    Applicable Law**

Under Federal Rule of Civil Procedure 54(d)(2), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion" and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2). "[T]he prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser," however. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1980).

A court may award attorneys' fees on a breach of contract claim pursuant to its inherent powers "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Browning Debenture Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1087-88 (2d Cir. 1980) (quoting Alyeska, 421 U.S. at 258-59); see also N.Y.C. Dist. Council of Carpenters Pension Fund v. Keystone Window Installers, Inc., 2010 WL 624835, at *2 (S.D.N.Y. Feb. 22, 2010). A claim has been asserted in bad faith when it is "entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons."

2

Browning, 560 F.2d at 1088. Conversely, a claim is colorable when "it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980). "The question is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually had been established." Id.

**B.   Analysis**

In granting Bon-Ton's motion to dismiss, this Court rejected Klauber's theory that Bon-Ton was jointly and severally liable for payments due to Klauber under the Settlement Agreement. See Klauber, 2013 WL 1245456, at *4 ("[T]he Settlement Agreement clearly imposes different obligations on Russell-Newman and Bon-Ton, and specifically provides that only Russell-Newman will be responsible for the payments."). Bon-Ton argues that Klauber "made up" the joint and several liability theory to pursue a claim against Bon-Ton when it could not collect from Russell-Newman, "even after it was clear that [Klauber] had no viable claim against Bon-Ton." (Bon-Ton Br. 8)

In the TAC, Klauber asserted that Bon-Ton and Russell-Newman were jointly and severally liable for payments due to Klauber under the Settlement Agreement based on the "presumption of joint obligations in agreements" under New York law, which governed the Settlement Agreement. See Alexander v. Wheeler, 64 A.D. 2d 837, 837 (4th Dept. 1978). Although this Court held that "the plain language of the Settlement Agreement specifically assigns separate obligations to Russell-Newman and Bon-Ton," and thus Bon-Ton was not jointly and severally liable for Russell-Newman's payment obligations under the Agreement, Klauber, 2013 WL 1245456, at *3-4, "a reasonable attorney could have concluded that facts supporting the claim might be established." Nemeroff, 620 F.2d at 348. Given that Bon-Ton

3

was a party to the Settlement Agreement, which imposed certain financial obligations on Russell-Newman, this Court cannot find that Klauber's claim was asserted "wantonly, for purposes of harassment or delay, or for other improper reasons." Browning, 560 F.2d at 1088.

Accordingly, Bon-Ton will not be awarded attorneys' fees and costs in connection with Klauber's breach of contract claim.

## II. COPYRIGHT INFRINGEMENT CLAIM

### A. Applicable Law

Section 505 of the Copyright Act of 1976, 17 U.S.C. § 505, provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Courts considering an award of attorneys' fees under the Copyright Act take into account "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n.19 (1994) (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)). "The third factor – objective unreasonableness – should be given substantial weight." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010) (citing Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001)). Courts may only award attorneys' fees if doing so would be "faithful to the purposes of the Copyright Act." Fogerty, 510 U.S. at 535 n.19.

4

**B.     Analysis**

Bon-Ton argues that "[t]he copyright claims asserted in Klauber's [TAC] were completely meritless and a desperate attempt by Klauber to get payment from Bon-Ton." (Bon-Ton Br. 3) Bon-Ton also argues that "Klauber's motivation behind asserting its bogus copyright infringement claims was to extort money from Bon-Ton." (Id. at 5) In its March 26, 2013 opinion, this Court determined that Bon-Ton's allegedly infringing lace design patterns were not substantially similar to, and thus did not infringe upon, Klauber's lace design patterns, Klauber, 2013 WL 1245456, at *8-9.

Bon-Ton argues that Klauber's claim was objectively unreasonable because Klauber failed to point to "a single similarity among the protectable elements" of its lace patterns in the garments sold by Bon-Ton. (Bon-Ton Reply 3 (quoting Porto v. Guirgis, 659 F. Supp. 2d 597, 618 (S.D.N.Y. 2009))) In the March 26, 2013 opinion, however, this Court acknowledged that similarities between the individual elements of Klauber and Bon-Ton's patterns do exist. See Klauber, 2013 WL 1245456, at *8 ("[T]he works share use of a plant sprig design. . . ."). While the court ultimately determined that "the similarities are not such that a reasonable jury could find that 'an average lay observer [would] recognize [the allegedly infringing design] as having been appropriated from [Klauber's copyrighted designs],'" id. (quoting Hamil Am., Inc. v. GFI, 193 F.3d 92, 102 (2d Cir. 1999)), this ruling does not constitute a finding that Klauber's claim was frivolous.

Moreover, granting Bon-Ton's motion for attorneys' fees would not be "faithful to the purposes of the Copyright Act." Fogerty, 510 U.S. at 535 n.19. "The primary purpose of the Copyright Act is to 'encourage the origination of creative works by attaching enforceable property rights to them.'" Porto, 659 F. Supp. 2d at 618 (quoting Bender, 240 F.3d at 122).

5

"[O]ne of the goals of the Copyright Act is to discourage infringement." Fogerty, 510 U.S. at 526 (emphasis omitted).

Where, as here, a copyright claim is not frivolous or objectively unreasonable, the goals of "compensation and deterrence," Fogerty, 510 U.S. at 535 n.19 (quoting Lieb, 788 F.2d at 156), are not furthered in granting an award of attorneys' fees. Bender, 240 F.3d at 122 ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); see also Porto, 659 F. Supp. 2d at 618.

Accordingly, Bon-Ton is not entitled to an attorneys' fee award under the Copyright Act.

### III.  LANHAM ACT CLAIM

#### A.  Applicable Law

Section 1117(a) of the Lanham Act provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In this Circuit, "exceptional cases" include those in which a plaintiff has brought a claim in bad faith. IMAF S.p.A. v. J.C. Penney Co., 810 F. Supp. 96, 100 (S.D.N.Y. 1992) ("When a successful defendant applies for attorneys' fees, this circuit requires that the defendant show the plaintiff's bad faith in bringing the suit.") (citing Universal City Studios, Inc. v. Nintendo Co., Ltd., 797 F.2d 70, 77 (2d Cir. 1986) (awarding attorneys' fees where plaintiff brought suit only for the purpose of joining in defendant's profits); Mennen Co. v. Gillette Co., 565 F. Supp. 648, 657 (S.D.N.Y. 1983), aff'd, 742 F.2d 1437 (2d Cir. 1984)).

Bon-Ton argues that "Klauber didn't even have standing to assert the [Lanham Act] claims," and therefore this case is "exceptional." (Bon-Ton Br. 6)

6

## B. Analysis

The TAC alleges that Klauber has suffered competitive injury because the "purchasing public has been and will continue to be induced into buying Bon-Ton's product . . . in the mistaken belief [that] it [is a product reflecting Klauber's designs]." (TAC ¶ 37) This Court held that "[t]hese allegations are not sufficient to make out a plausible claim for injury compensable by a false advertising Lanham Act claim, particularly given that Klauber is a lace manufacturer and is not a direct competitor of Bon-Ton." Klauber, 2013 WL 1245456, at *11.

In opposing Bon-Ton's motion to dismiss, Klauber asserted a different type of competitive injury. Klauber argued that Bon-Ton's alleged false advertising might damage its relationship with Hanky Panky, a lingerie company that has an exclusive license for Klauber's designs. Id. Because this "theory of competitive injury [was] not alleged in the TAC," this Court held that it "may not be relied on now to defeat Bon-Ton's motion to dismiss." Id. (citing Lerner v. Forster, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003) and In re Colonial Ltd. P'ship Litig., 854 F. Supp. 64, 79 (D. Conn. 1994)).

While Klauber's theory of competitive injury – at least as pleaded in the TAC – was incorrect, there is no evidence that Klauber's Lanham Act claim was brought in bad faith, or as a "competitive ploy." See Universal City Studios, 797 F.2d at 77.

Accordingly, Bon-Ton's application for an award of attorneys' fees under the Lanham Act will be denied.

## CONCLUSION

For the reasons stated above, Bon-Ton's motion for an award of costs and attorneys' fees is DENIED. The Clerk of the Court is directed to terminate the motion. (Dkt. No. 29)

Dated: New York, New York
July 11, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge