MANDATE

N.Y.S.D. Case #
11-cv-4985(PGG)

13-1672-cv
Klauber Brothers, Inc. v. The Bon-Ton Stores, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

　　　At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand fourteen.

Present:
　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge*,
　　　RALPH K. WINTER,
　　　GUIDO CALABRESI,
　　　　　　*Circuit Judges*.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 14, 2014

KLAUBER BROTHERS, INC.,

　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　　　　　No. 13-1672-cv

THE BON-TON STORES, INC.,

　　　*Defendant-Appellee*,

RUSSELL-NEWMAN, INC.,

　　　*Defendant*.

For Plaintiff-Appellant:　　PHILIP H. GOTTFRIED (Ira E. Silfin, *on the brief*), Amster, Rothstein & Ebenstein LLP, New York, N.Y.

MANDATE ISSUED ON 03/14/2014

Case 1:16-cv-04985-PGG   Document 35   Filed 03/14/14   Page 2 of 5

| | |
|---|---|
| For Defendant-Appellee: | SUZAN JO (Vanessa C. Hew and Robert T. Parker, *on the brief*), Duane Morris LLP, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Klauber Brothers, Inc. ("Klauber") appeals from a March 26, 2013 order of the United States District Court for the Southern District of New York (Gardephe, *J.*), dismissing Klauber's claims of breach of contract, copyright infringement, and false advertising against Defendant-Appellee The Bon-Ton Stores, Inc. ("Bon-Ton"). Klauber, the co-author of two lace designs known by the numbers 7087 and 7088, alleges that Bon-Ton advertised and sold a line of women's underwear with a lace waistband whose design infringes on Klauber's copyrights. On appeal, Klauber argues that the district court erred in dismissing Klauber's copyright infringement claim on the ground that Bon-Ton's design is not substantially similar to Klauber's copyrighted designs as a matter of law. We presume the parties' familiarity with the facts and procedural history of this case.

Preliminarily, we find that we have appellate jurisdiction over this case under our decision in *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980). Pursuant to Federal Rule of Civil Procedure 54(b), "when there are two or more defendants who have been served and the district court dismisses the action as to fewer than all of them, a final judgment may not be entered reflecting that dismissal unless the court so instructs and makes an 'express determination' that there is no just reason to delay entry of the judgment." *Leonhard*, 633 F.2d at 608. "When, however, the action is dismissed as to all defendants who have been served and

only unserved defendants 'remain,'" the district court's failure to resolve claims asserted against an unserved defendant does not deprive this Court of jurisdiction over an appeal, "since there is no basis for believing there will be any further adjudication in the action, or, therefore, for holding the dismissals subject to revision." *Id.* Here, while the order appealed from only addressed Klauber's claims against Bon-Ton, and left unresolved its claims against Defendant Russell-Newman, Inc. ("Russell"), Russell was never served with process, never waived service of process, never appeared in the proceedings below, and, according to Klauber, is defunct. Under *Leonhard*, because Russell is an unserved defendant, the district court's failure to dismiss Klauber's claims against Russell does not impede our jurisdiction.

We find no merit in Bon-Ton's contention that this case falls within an exception to the *Leonhard* rule because there is some possibility of further adjudication in this case. Bon-Ton points out that an attorney briefly appeared on Russell's behalf in this appeal, and contends that, even though that appearance was withdrawn without explanation less than a month later, it nevertheless raises doubts about whether Russell is in fact defunct, and therefore raises the possibility of further litigation of Klauber's claims against Russell in the district court. But in any event, Russell remains unserved, and Klauber has represented unequivocally that it has no intention of further pursuing its claims against Russell. Accordingly, even assuming *arguendo* that there is an exception to the *Leonhard* rule for cases in which further adjudication in the district court is contemplated, *see Brown v. N.Y. State Supreme Court for Second Judicial Dist.*, 372 F. App'x 183, 185 (2d Cir. 2010); *contra Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1473–74 (5th Cir. 1990), no such exception would apply in this case.

Turning to the merits of Klauber's appeal, we review a district court's grant of a motion to dismiss for failure to state a claim *de novo*, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

To prevail on a claim of copyright infringement, a plaintiff must establish that "(1) the defendant actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture*, 602 F.3d at 63 (internal quotation marks omitted). "The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." *Id.* at 66 (internal quotation marks and brackets omitted). While substantial similarity is often a question of fact reserved for the trier of fact, "it is entirely appropriate for a district court to resolve that question as a matter of law" if "no reasonable jury, properly instructed, could find that the two works are substantially similar." *Id.* at 63 (internal quotation marks omitted). Moreover, where, as here, the works in question are attached to the plaintiff's complaint, the district court may "consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation." *Id.* at 64.

On our independent review of Klauber's copyrighted designs and Bon-Ton's allegedly infringing design, we reach the same conclusion as the district court: The designs do not convey a substantially similar aesthetic appeal. To be sure, the copyrighted designs and the accused design employ similar elements—curling sprigs, leaves, and flowers—placed in a similar spatial arrangement. But all of these elements in Bon-Ton's design contain features that differentiate them from the elements in Klauber's designs. For example, the sprigs in Klauber's designs are long, winding, and delicate, while the sprigs in Bon-Ton's design are shorter and more compact; the leaves in Klauber's designs all have a distinctive indentations and vary in shape and size, while the leaves in Bon-Ton's design have no indentations and are uniform in shape and size; and the flowers in Klauber's designs are buds growing upward away from the nearest border, while the flowers in Bon-Ton's design are blossoms growing downward towards the border.

Moreover, the accumulation of these differences gives Bon-Ton's design a substantially different "total concept and overall feel" than Klauber's designs. *Id.* at 66 (internal quotation marks omitted). While Klauber's designs appear delicate and ornate, with the dominant element being the semicircles formed by the curling sprigs, Bon-Ton's design conveys a more rudimentary and abstract feel, with the dominant element being the straight portions of the sprigs. On the whole, we conclude that no reasonable juror, properly instructed, would "regard the [works'] aesthetic appeal as the same." *Id.* (internal quotation marks omitted).

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
NE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit